ZEHMER, Judge,
concurring specially.
I reluctantly concur with the majority opinion. The labor nexus test is applied in this instance to avoid the exclusion of the secretaries to the four area superintendents from a bargaining unit. Manifestly, this test is a judicially engrafted limitation on clear statutory language. PERC has apparently been applying the test for several years without any attempt by the legislature to alter that construction of the statutory language. Hence, I am persuaded by the authorities cited in the opinion, apart from the constitutional provision in article I, section 6, that PERC’s construction does not require reversal.
My reluctance to affirm this case stems from the obvious anomaly that results from the application of the labor nexus test to the area superintendents. The organizational structure of the school system in Polk County places the superintendent at the top, the four area superintendents directly under the superintendent, and the school principals under the area superintendents. The chain of command runs from the superintendent through the area superintendent to the principals, and vice versa. Secretaries to the superintendent and the principals are excluded from labor act bargaining units as confidential employees. Secretaries to the area superintendents are, by virtue of this decision, not so excluded. Quite apart from the labor-management considerations underlying the labor nexus test, I can conceive of many reasons why these latter four secretaries should not fall within an employee bargaining unit. In view of these reasons, I am not certain that the result in this case accords with the legislative intent to exclude confidential employees from bargaining units. Perhaps this matter should be revisited by the legislature. Or perhaps the school board will now allocate duties involving labor management negotiations and contract administration to the area superintendents.